
CJ-25-7617
Stinson



## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| AFIA WRIGHT, | ) |
| | ) |
| Plaintiff, | ) FILED IN DISTRICT COURT |
| | ) CJ-2025- OKLAHOMA COUNTY |
| v. | ) |
| | ) OCT 16 2025 |
| STATE OF OKLAHOMA, EX REL | ) RICK WARREN |
| OKLAHOMA MEDICAL MARIJUANA | ) COURT CLERK |
| AUTHORITY, | ) 136 _____ |
| | ) |
| Defendants. | ) |

### PETITION CJ-2025-7617

**COMES NOW**, Plaintiff Afia Wright ("Plaintiff" or "Wright"), by and through undersigned counsel, and for her causes of action against Defendant, State of Oklahoma ex rel. Oklahoma Medical Marijuana Authority ("OMMA"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wright was at all times relevant employed by Defendant OMMA from November 2020 until her termination on July 16, 2024.

2. Wright was purportedly terminated as part of a Reduction in Force ("RIF").

3. Plaintiff Wright is an African American/Black female and is gay.

4. Defendant OMMA is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and is subject to its provisions.

5. Jurisdiction is proper pursuant to 28 U.S.C. §1343 and 42 U.S.C. §§2000e–2000e-17, which provide for legal and equitable relief against employers who engage in unlawful employment practices based on race, color, sex, and/or retaliation.

1

EXHIBIT 2

6. Venue is proper under 28 U.S.C. §1391(b) because a substantial portion of the acts and omissions giving rise to this action occurred in this District.

7. Plaintiff Wright timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a Notice of Right to Sue on May 16, 2025.

8. This action is filed within the statutory time period.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

10. Plaintiff was employed by OMMA from November of 2020 until July 16, 2024, consistently meeting and exceeding expectations.

11. On July 16, 2024, Plaintiff was abruptly terminated under the guise of a RIF.

12. Said RIF was pretextual and targeted Plaintiff and others similarly situated to Plaintiff because of her race, sex, sexual orientation and for her protected activity.

13. During her employment, Plaintiff experienced pervasive hostile and discriminatory treatment not endured by her white and/or male colleagues.

14. Defendant consistently engaged in preferential treatment of similarly situated, non-black and/or male employees.

15. Despite Plaintiff's greater experience and competency, Defendant promoted and elevated male and/or non-Black employees to higher-ranking positions while denying Plaintiff equal opportunities for advancement.

16. In early 2021, Plaintiff assumed multiple additional administrative duties that anther non-Black employee declined.

EXHIBIT 2

17. Plaintiff was not given additional compensation or a promotion as a result of her willingness to do the work her non-Black colleagues refused to do.

18. Despite taking on these additional responsibilities, Plaintiff was continuously overlooked for advancement opportunities that were instead awarded to less-qualified, poorly performing, non-Black employees.

19. Over time, Plaintiff (and all other women in OMMA management) was excluded from management meetings and her key responsibilities were gradually transferred to a non-Black employee, despite said employee's lack of experience.

20. In early 2022, Plaintiff reported the hostile, discriminatory and retaliatory treatment to OMMA management.

21. Plaintiff then experienced chronic retaliation for her role in reporting OMMA's unlawful conduct.

22. Instead of investigating or remedying the unlawful conduct, OMMA dismissed Plaintiff's complaints, accused her of "gossip," and further subjected her to retaliatory hostility, including discipline.

23. Defendant repeatedly engaged in a systematic pattern and practice of discrimination by consistently passing over Black employees, including Plaintiff, for promotions in favor of less qualified non-Black and/or male candidates.

24. In early 2023, Plaintiff applied for the Assistant Compliance Officer position.

25. She was denied an opportunity to interview for the Assistant Compliance Officer position.

26. OMMA instead hired a less experienced white male for the position.

EXHIBIT 2

27. Defendant's actions created a hostile work environment, subjected Plaintiff to disparate treatment, and ultimately culminated in her unlawful termination.

28. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

## CAUSES OF ACTION

### I. VIOLATION OF TITLE VII (Race and Sex Discrimination)

29. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

30. Plaintiff was subjected to disparate treatment, denied equal employment opportunities, retaliated against for engaging in protected activity, and terminated because of her race (African American/Black), sexual orientation (gay), and sex (female).

31. A substantial and motivating factor for Plaintiff's termination and the hostile work environment is Plaintiff's race, sexual orientation, and sex.

32. Defendant's actions constitute unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

33. Plaintiff's race, sexual orientation, and/or sex was the determining factor in her termination from OMMA.

34. Defendant's purported reason for terminating Plaintiff was mere pretext and Plaintiff will show that the RIF restructuring of OMMA was employed as a facially non-discriminatory yet discriminatory purpose, or in the alternative, was applied in a discriminatory manner in causing Plaintiff's termination from OMMA.

### II. VIOLATION OF TITLE VII (Retaliation)

EXHIBIT 2

35. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

36. Plaintiff engaged in protected activity by reporting discrimination, hostile treatment, and unlawful preferential treatment to Defendant's management.

37. Defendant responded by accusing excluding Plaintiff from management meetings and decision making; by dismissing her complaints as mere "gossip"; by subjecting her to heightened scrutiny and hostility; and by ultimately terminating her employment.

38. Defendant's retaliatory conduct violates 42 U.S.C. §2000e-3(a).

### III. VIOLATION OF TITLE VII (Hostile Work Environment)

39. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

40. Plaintiff was subjected to severe and pervasive discriminatory conduct based on her race, sexual orientation and sex, including unequal treatment, denial of advancement opportunities, and retaliatory hostility.

41. This conduct created a hostile and abusive work environment in violation of Title VII.

### IV. VIOLATION OF TITLE VII (Failure to Promote)

42. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

43. In 2023, Plaintiff applied for the Assistant Compliance Officer position.

44. Despite Plaintiff's qualifications and superior experience, Defendant denied her an interview and instead selected a less qualified white male candidate.

EXHIBIT 2

45. Defendant's actions constitute unlawful discrimination in promotion opportunities in violation of Title VII.

### V. VIOLATION OF 42 U.S.C. §1981 (Race Discrimination in Contractual Relationship)

46. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

47. Defendant's conduct unlawfully interfered with Plaintiff's right to make and enforce contracts, including the contractual benefits and privileges of employment, in violation of 42 U.S.C. §1981.

48. Plaintiff was not afforded the fair treatment under her employment contract that is contemplated by 42 U.S.C. §1981.

49. Plaintiff was denied the same terms, conditions, privileges, and opportunities for advancement as white employees and was instead subjected to adverse treatment and termination.

### VI. VIOLATION OF 42 U.S.C. §1983 (Equal Protection)

50. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

51. Defendant, acting under color of state law, intentionally discriminated against Plaintiff because of her race, sexual orientation and sex, thereby depriving her of rights secured by the Equal Protection Clause of the Fourteenth Amendment.

52. Defendant's conduct subjects it to liability under 42 U.S.C. §1983.

### VII. VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT (OADA, 25 O.S. §1101 et seq.)

EXHIBIT 2

53. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

54. Defendant's conduct constitutes unlawful race, sexual orientation and sex discrimination, retaliation, hostile work environment, and failure to promote, all in violation of the Oklahoma Anti-Discrimination Act.

55. Plaintiff is entitled to relief under the OADA, including damages and equitable relief.

## DAMAGES

56. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

57. As a direct proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    a. Past and future lost wages and employment benefits;

    b. Loss of career advancement opportunities;

    c. Humiliation, embarrassment, and loss of professional reputation;

    d. Garden variety emotional distress, mental anguish, and pain and suffering; and

    e. Out-of-pocket expenses, including attorney's fees and costs.

58. Plaintiff's damages exceed Seventy-Five Thousand Dollars ($75,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Afia Wright respectfully requests that this Court enter judgment in her favor and against Defendant OMMA, and grant the following relief:

   A. Back pay, front pay, lost benefits, and all other compensation lost as a result of Defendant's unlawful acts;

   B. Compensatory and punitive damages for distress and harm suffered;

EXHIBIT 2

C. Declaratory relief that Defendant's actions violated Title VII, §1981, §1983, and the OADA;

D. Injunctive relief prohibiting Defendant from engaging in further discriminatory or retaliatory practices;

E. Plaintiff's costs and reasonable attorney's fees incurred herein;

F. Trial by jury on all issues so triable; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ K. Dotson*

Kindra N. Dotson, OBA #22547
Felina N. Rivera, OBA #31696
Renaissance Legal Solutions
8524 S. Western Avenue, Suite 101
Oklahoma City, OK 73139
Tel. (405) 247-0647
Kindra@RLSlawyer.com

EXHIBIT 2