## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AFIA WRIGHT,

           Plaintiff,

v.

STATE OF OKLAHOMA *ex rel.,* THE
OKLAHOMA MEDICAL MARIJUANA
AUTHORITY,

           Defendant.

**Case No.: 25-cv-1340-JD**

**(Removed from Oklahoma County District Court - CJ-25-7617)**

### DEFENDANT'S PARTIAL MOTION TO DISMISS
### AND BRIEF IN SUPPORT

Defendants, State of Oklahoma, *ex rel.,* The Oklahoma Medical Marijuana Authority ("OMMA" or "Defendant"), respectfully requests this Court dismiss Plaintiff's OADA claims, 42 U.S.C. § 1981 and § 1983 claims and Title VII Retaliation, Hostile Work Environment and Failure to Promote claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In support of this Motion to Dismiss[1], Defendant submits the following:

### BRIEF IN SUPPORT

### STATEMENT OF THE CASE

Plaintiff alleges she is a former employee of OMMA who was terminated pursuant to a reduction-in-force ("RIF") plan implemented by OMMA in 2024. The RIF, which affected numerous employees, was implemented for cost saving reasons based upon

---

[1] Pursuant to Judge Dishman's Chamber Procedure for Civil Cases, counsel for Defendant has conferred with counsel for Plaintiff to address issues that may be resolved by the parties, rather than requiring court intervention. At this stage, no resolution has been reached.

budgetary restrictions. Plaintiff was hired by the Oklahoma State Department of Health ("OSDH") in November of 2020, then transferred to OMMA when OMMA was separated from OSDH and remained employed until OMMA's July 2024 RIF.

Plaintiff filed suit in state court on October 16, 2025, asserting numerous claims: (1) Title VII race and sex discrimination; (2)  Title VII retaliation; (3) Title VII hostile work environment; (4) Title VII failure to promote; (5) 42 U.S.C. § 1981 race discrimination in a contractual relationship; (6) 42 U.S.C. § 1983 equal protection; and (7) violation of the Oklahoma Anti-Discrimination Act "OADA". OMMA removed the matter to this Court on November 12, 2025. Id. at ¶ 32, 38, 41, 45, 47, 52, 54.

Plaintiff's petition contains many conclusory claims of unlawful hostile, discriminatory, and retaliatory treatment by OMMA because of her race, sex and sexual orientation Id. at ¶ 20.  Plaintiff alleges five (5) discrete acts of discrimination/retaliation. The acts are summarized as follows: (1) discriminatory failure to promote after assuming additional duties based upon race Id. at ¶ 16-17, 30, 40, 49, 54; (2) discriminatory exclusion from management meetings and key responsibilities gradually transferred based upon race and sex Id. at ¶ 3; (3) retaliation in the form of accusing her of gossiping after reporting the discrimination to management Id. at ¶ 20, 22; (4) discriminatory failure to interview/hire for Assistant Compliance Officer based upon her race and sex Id. at ¶ 24-26; and (5) discriminatory termination as part of a RIF on July 16, 2024 based upon race, sex, and sexual orientation. Id. ¶ 11-12.

**STANDARD OF REVIEW**

When considering a motion to dismiss brought pursuant to Rule 12(b)(1), it is important to keep in mind that Federal Courts are courts of limited jurisdiction. *See e.g.*, *Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). In deciding a motion under Rule 12(b)(1), a court must first determine whether the motion is a "facial attack" or a "factual attack" to subject-matter jurisdiction. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (citation omitted). "In a facial challenge…the factual allegations concerning jurisdiction are presumed to be true and a complaint will be dismissed only if the defendant shows that the plaintiff failed to allege some element necessary to invoke the court's jurisdiction." *Saxton v. Fed. Hous. Fin. Agency*, 245 F. Supp. 3d 1063, 1070-71 (N.D. Iowa 2017) (citing *Branson Label*, 793 F.3d at 914). In such circumstances, "the court restricts itself to the face of the pleadings and the nonmoving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id*. "Conversely, in a factual attack, the existence of subject matter jurisdiction [is challenged] … irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label*, 793 F.3d at 914-15 (citations and quotations omitted). "Thus, the non-moving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id*. (citation omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements

3

of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In considering a motion under Fed. R. Civ. P. 12(b)(6), the trial court must determine whether a plaintiff has stated claims upon which relief may be granted. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. For purposes of making the dismissal determination, a court must accept all well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant. *Id*. at 555-56.

The court must ensure defendants have adequate notice of the facts and allegations entitling plaintiff to the requested relief. *See* Fed. R. Civ. P. (8)(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atlantic, supra*. A court is not required to accept as true allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Id.; see also Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977) ("allegations of conclusions or of opinions are not sufficient when no facts are alleged by way of the

statement of the claim."); *Oppenheim v. Sterling*, 368 F.2d 516, 519 (10th Cir. 1966) ("unsupported conclusions of the pleader may be disregarded"). The question for the Court is whether the complaint provides sufficient allegations " to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Tenth Circuit addressed this standard in *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007), explaining that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.* at 1177.

Fundamentally, this complaint lacks sufficient "well-pleaded factual allegations" to support the requested relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's complaint is riddled with mere conclusions, and without sufficient facts to support claims of liability against defendant.

**PROPOSITION I:    PLAINTIFF FAILURE TO COMPLY WITH THE GOVERNMENTAL TORT CLAIMS ACT'S NOTICE AND PLEADING REQUIREMENTS BARS HER OADA CLAIMS AS A MATTER OF LAW**

Plaintiff alleges discrimination, retaliation, hostile work environment, and failure to promote all in violation of the OADA. However, as Plaintiff has failed to comply with the notice and commencement provisions of the Governmental Tort Claims Action, all state law claims must be dismissed.

**A. Plaintiff fails to comply with the Oklahoma Governmental Tort Claims Act (GTCA).**

"The liability of the state … under the GTCA shall be exclusive and shall constitute the extent of tort liability of the state… arising from common law, statute, and the Oklahoma Constitution, or otherwise." OKLA. STAT. tit. 51, § 153(B). The GTCA requires that any person who has a claim against the State, (or one of its entities, like OMMA), "**shall** present [the] claim to the state," "in writing", "within one (1) year of the date the loss occurs" (in this instance, alleged discrimination, retaliation, hostile work environment, and failure to promote), and file it with the Administrator of the Office of Risk Management. OKLA. STAT. tit. 51, § 156 (A)-(C) (emphasis added). A claim against the State will be **forever barred** unless the appropriate notice if provided within one (1) year of the loss. OKLA. STAT. tit. 51, § 156(B) (emphasis added). Failure to allege compliance with the GTCA's requirements deprives a court of jurisdiction over the claims. ("[T]he court lacked jurisdiction over the OADA claims alleged in plaintiff's petition because there were no allegations in the petition that plaintiff complied with the GTCA's notice requirement.") *Childers v. Bd. of Commissioners of Oklahoma City.,* No. CIV-19-460-F, 2019 WL 4060877, at *3 (W.D. Okla. Aug. 28, 2019)). The Supreme Court of Oklahoma recently made it clear that "a claimant [is] barred from bringing an OADA claim if they fail to timely provide notice under the GTCA to the government entity as required by the GTCA." *Conner v. State*, 577 P.3d 249, 253 (Okla. 2025).

Here, Plaintiff's Petition stands devoid of any allegations regarding compliance with the GTCA, notice of a tort claim, or any written notice provided to State Risk Management. Importantly, the State's Office of Management and Enterprise Services has not received a

notice of claims from Plaintiff. [Exhibit 1 – Affidavit by Risk Management].[2]The last of Plaintiff's alleged injuries purportedly occurred "[o]n July 16, 2024" [Doc 1. Ex. 2. at ¶ 11]. Therefore, Plaintiff should have submitted her written notice of tort claim by July 16, 2025. She did not, and she is now out of time to do so. Accordingly, her claims based on State law must be dismissed with prejudice, as amendment would be futile.

**B. Retaliation claim under the OADA must be dismissed.**

Plaintiff's retaliation claim under the OADA also fails due to the Oklahoma Supreme Court's interpretation of OADA in regard to employment claims. *See Edwards v. Andrews*, 382 P.3d 1045 (Okla. 2016). In *Edwards,* the Court found the district court erred by not dismissing the retaliation claim, as the provisions of the OADA applicable to employment discrimination do not supply a remedy to an employee for retaliation. *Id.* at 1047; *see also Sultuska v. JPMoran Chase Bank*, No. CIV-18-669-C, 2019 WL 4888579, *2 n.2 (W.D. Okla. Oct. 3. 2019) (slip copy) ("[A] retaliation claim under the OADA is not cognizable under law.")

The Oklahoma Statutes defines the scope of what is a discriminatory practice by an employer, and do not include retaliation in this definition. *See* OKLA. STAT. tit. 25, § 1302. Therefore, an employee cannot recover from an employer for retaliation. As Plaintiff seeks relief for retaliation under the OADA, her claim fails as a matter of law and should be dismissed with prejudice, as amendment would be futile.

---

[2] Affidavits may be used in a motion to dismiss for lack of subject matter jurisdiction without converting the motion to a motion for summary judgement. *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1978).

**PROPOSITION II:    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. § 1983**

Plaintiff cannot maintain a 42 U.S.C. § 1983 claim against Defendant OMMA as OMMA is not "person" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989) (A state is not a "person" within the meaning of § 1983.).

Neither States nor their agencies (such as OMMA), nor officers sued in their official capacity, are persons under 42 U.S.C. § 1983. Therefore, they cannot be sued under that statute. *Will,* 491 U.S. 58, 71 (1989); *see also*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997)(noting that § 1983 actions do not lie against the state); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)(stating that suits for damages against states should be dismissed because the states are not persons under § 1983, and because the states are protected by the Eleventh Amendment; any constitutional problem that may exist is subordinate to the statutory deficiency); *Stidham v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003)(States are not persons under § 1983); *Lapides v. Board of Regents*, 535 U.S. 613 (2002)(States and their agencies are not "persons" for purposed of § 1983). Congress did not abrogate the states' sovereign immunity by enacting 42 U.S.C. § 1983, *Quern v. Jordan,* 440 U.S. 332, 340–42 (1979), and states are not suable "persons" under those statutes. *Will*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claim under § 1983 must be dismissed because OMMA is not a "person."

**PROPOSITION III:    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. § 1981**

Plaintiff cannot maintain a 42 U.S.C. § 1981 claim against Defendant OMMA as OMMA is not "person" under 42 U.S.C. § 1981. *Pittman v. Oregon*, 509 F.3d 1065, 1073

(9th Cir. 2007) (§ 1981 does not provide a cause of action against states.); *see Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. Unit A 1981) (No congressional waiver of a state's eleventh amendment immunity in § 1981); *see also Buntin v. City of Boston*, 857 F.3d 69, 70 (1st Cir. 2017).

Neither States nor their agencies (such as OMMA), nor officers sued in their official capacity, are "**persons**" under 42 U.S.C. § 1981. Consequently, they cannot be sued under that statute. *Pittman*, 509 F.3d 1065. Therefore, this Court must dismiss Plaintiff's § 1981 claim against the Defendant because Plaintiff has not alleged any cognizable violation against a "**person**."

**PROPOSITION IV:    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF TITLE VII**

**A. Retaliation**

Plaintiff's Title VII Retaliation claim should be dismissed. In support of her retaliation claim, Plaintiff alleges she "reported hostile, discriminatory and retaliatory treatment to OMMA management [in early 2022]" which led to "excluding [her] from management meetings and decision making; … subjecting her to heightened scrutiny and hostility; and … ultimately terminating her employment [in 2024]." [Doc 1. Ex. 2. at ¶ 20, 37].

In *Hansen v. SkyWest Airlines*, 844 F.3d 914, the Tenth Circuit provided two ways a plaintiff may prove retaliation under Title VII. First, a plaintiff can present direct evidence that retaliation was a motivating factor in the employment decision. *Hansen* at 925. Second, in the absence of direct evidence, the plaintiff may proceed under a burden shifting framework. *Id*.

9

The burden shifting framework has three elements:

(1) that he engaged in protected opposition to discrimination (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection exists between the protected activity and the materially adverse action.

*Id* (internal quotation omitted).

Plaintiff's claim rests largely on two events. Her report to OMMA management in early 2022 and her RIF termination in July of 2024. [Doc 1. Ex. 2. at ¶¶ 20, 37] . Plaintiff states "chronic retaliation" followed the report made in 2022. *Id.* at ¶ 21. However, outside of conclusory statements, the only alleged negative employment action was her July 2024 RIF termination over two (2) years after Plaintiff's alleged protected activity. Thus, the events and the purported adverse employment action are not even remotely close in time. As the Tenth Circuit clarified, "[u]nless the termination is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation." *Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1395 (10th Cir. 2014). In the present case, the report to management is more than two (2) years prior to Plaintiff's termination in July of 2024. These two circumstances are simply too far apart from each other for Plaintiff to successfully plead retaliation in violation of Title VII. and dismissal is appropriate.

**B. Hostile Work Environment**

A claim for a hostile work environment prohibited by Title VII requires a plaintiff to show: "(1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on [her protected group]; and (4) [due to the

harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007).

> To constitute actionable sexual harassment, a plaintiff must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*E.E.O.C. V. PVNF, L.L.C.*, 487 F.3d 790, 798 (10th Cir. 2007). The conduct at issue must be so "severe or pervasive enough to a create…an environment that a reasonable person would find hostile or abusive," and the plaintiff must also perceive the conduct as abusive. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-22 (1993).

Whether a workplace environment is hostile requires a look at the totality of the circumstances, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 23. Only where the workplace is so permeated does a hostile work environment exist. *Fassbender v. Correct Care Solutions, LLC*, 890 F.3d 875, 891 (10th Cir. 2018). "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id*. (quoting *Clark Cnty. Sch. Dist. V. Breeden*, 532 U.S. 268, 271 (2001)). The court reviews the conduct to determine if a reasonable person would view it as objectively hostile, and it also considers whether the plaintiff subjectively perceived the environment to be abusive. *Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1023 (10th Cir. 2001).

11

Here, Plaintiff alleges she was subject to "discriminatory conduct based on her race, sexual orientation and sex… that created a hostile and abusive work environment." [Doc 1. Ex. 2. at ¶ 40-41]. The specific discriminatory conduct alleged by Plaintiff is: (1) OMMA's failure to promote her after she assumed additional duties that her non-Black colleagues did not volunteer to do in 2021 *Id*. at ¶ 16-17; (2) exclusion from management meetings and her key responsibilities being gradually transferred to non-Black employees *Id.* at ¶ 3; (3) being accusing her of gossiping *Id.* at ¶ 20, 22.; (4) OMMA's failure to interview/hire her for Assistant Compliance Officer and instead hiring a white male for the position in 2023 *Id.* at ¶ 24-26; and (5) her termination as part of a RIF on July 16, 2024 *Id.* at ¶ 11-12.

These circumstances, taken as true is not conduct that is sufficiently "severe or pervasive to alter conditions" of Plaintiff's employment. There is no intimidation, ridicule, or insult severe enough to alter the conditions of Plaintiff's employment. The frequency of the events is not close in time as they all occurred about a year apart from each other. None of the isolated events could be considered extremely serious or severe.

As the Tenth Circuit explained, "Title VII does not establish a 'general civility code'… for the workplace… [and] run-of-the-mill boorish… or annoying behavior … is not the stuff of a Title VII hostile work environment claim." *Morris v. City of Colorado Springs,* 666 F.3d 654, 663-64 (10th Cir. 2012).  Plaintiff has failed to plead facts that rise to the level of a hostile work environment; therefore, her claim should be dismissed.

12

### C. Failure to Promote

To allege a failure to promote claim under Title VII, the Plaintiff must demonstrate: "(1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled. *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003). In *Randle v. City of Aurora*, the plaintiff made a failure to promote claim and had alleged she was qualified for a technician position to which she was denied 69 F.3d 441, 453-54 (10th Cir. 1995). In *Randle*, the district court was able to determine whether she was qualified for the positions based on the job requirements and her alleged qualifications. *Id.*

Here, Plaintiff alleges she applied for the position of Assistant Compliance Officer in 2023. [Doc 1. Ex. 2. at ¶ 24]. However, unlike the plaintiff in *Randle*, Plaintiff has not alleged that she was qualified for the position or that she was rejected despite her qualifications. Thus, she has not established a prima facie case for failure to promote and, her claim should be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant OMMA, respectfully requests that this Court dismiss Plaintiff's OADA claims, 42 U.S.C. § 1981 and § 1983 claims, Title VII Retaliation, Hostile Work Environment and Failure to Promote claims and grant any other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Amy Ragan*

**DIXIE L. COFFEY, OBA#11876**
**AMY K. RAGAN, OBA#35198**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:    405.521.3921
Facsimile:    405.521.4518
dixie.coffey@oag.ok.gov
 amy.ragan@oag.ok.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are registered participants.

/s/ Amy *Ragan*
Amy Ragan

14